# EXHIBIT A

# 25-cv-15129(EP)(JRA)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------------x 25-cv-15129 (EP)(JRA)
LAURA CIESLA,

                 Plaintiff,

-against-


CITY OF NEWARK, NEW JERSEY,

                 Defendant.

-----------------------------------------------------------------------x

## DECLARATION OF LAURA CIESLA

I, Laura Ciesla, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.  I am the Named Plaintiff in the above-captioned lawsuit.

2.  In May of 2018, I was selected to become a Newark, New Jersey police officer.

3.  I entered the police academy in August of 2018.

4.  I graduated from the police academy in December of 2018.

5.  As a result of my position as a Newark police officer, I had a property interest in my employment under the Fourteenth Amendment of the United States Constitution.

6.  After graduation I was assigned to 1 Lincoln Avenue and was selected as the Class Leader.

7.  In the winter of 2019, I received a commendation award from the training division and was selected as class leader for all of the work that I did.

8.  Since graduating from the police academy, I had the privilege of being a part of several different communities in Newark, specifically by being in patrol in the 7th, 4th and 5th Precincts.

9. Assigned to Crime Control / Assignment Officer/ Fugitive Apprehension/Robbery and demonstrated proactive policing (vehicle recoveries, investigations) and maintained strong work ethic and productivity

10. Throughout my employment I suffered through sexual harassment, disability discrimination, and a wrongful termination.

11. Throughout my employment, Defendant did not follow procedures which led to end of my employment.

12. Defendant accused me of falsifying medical records.

13. They harassed me and my doctors regarding a prescription that was fully disclosed.

14. Department contacted Walgreens retail location instead of legal/compliance.

15. Receptionist questioned and accused of assisting in falsification

16. My treating physician confirmed lawful prescription.

17. Despite verification, department continued to treat documentation as suspect and did not provide me with charges.

18. They harassed me for months regarding the prescription and did not provide me with official charges.

19. I did not have an opportunity to present evidence during the trial and Defendant did not even review the evidence against me.

20. The continuing harassment caused me severe stress and anxiety.

21. My disability was so overwhelming that I committed myself to a hospital on or about February 23 or 24, 2024.

22. I was only at Barnabas for one day before I transferred to Newark Beth Israel ("NBI").

2

23. Two high ranking IA officials Lt Baker and Deputy Chief Jose Gonzales officers came and interrogated me during my mental health crisis at Barnabas without union representation.

24. I stayed for twelve (12) days at NBI before I was released and was set up with an outpatient program.

25. March 8, 2024, Captain Anthony Rawa, the supervisor for Newark's Medical Services Unit, contacted me and advised me that due to being booked with stress I would have to complete a fitness for duty assessment.

26. Shortly thereafter Rawa said that since the department conducted two welfare checks on me and both times I was not home that I was considered AWOL and therefore, they were sending me for a fitness for duty.

27. Defendant sent officers to my home when they knew I was in the hospital and was booked off for stress.

28. The department policy is that once an officer books off, he/she will remain off until they call and book back on.

29. This is another example of Defendant not following proper procedures when it involved me.

30. During this time, I continued to attend outpatient therapy and take my medications. I was never unfit for duty or told that I was in danger of losing my job.

31. I applied for a sergeant position on May 2, 2024.

32. At the time of my application, I was ranked No. 1 on the sergeant's list.

33. I reapplied on May 28, 2024, but received no response despite AG guidelines stating the opposite should happen.

3

34. Written notes from both High Focus and my psychiatrist Vasilli were given to Captain Rawa every month. Defendant had notice of my disability and treatment.

35. June 20, 2024, I submitted another 1001 to Captain Rawa, requesting a written response to confirm that I had been passed over as sergeant.

36. On July 31, 2024, Defendant advised me that I was, "Unfit for duty/ not restorable," as per Dr. Sarah Pachner.

37. Newark conducted the evaluation without consulting my treating psychiatrist or therapist.

38. Newark made this determination shortly after my hospitalization.

39. I was provided with no opportunity for stabilization or continued treatment progress.

40. I received no reassessment after compliance with treatment.

41. Newark denied me access to the fitness for duty final report.

42. Captain Rawa stated that I qualified for early retirement and could get 40% of my pension. At the end of my contract I would have earned full medical benefits for life and 66 2/3.

43. September 5, 2024, I forcibly resigned from the department.

44. Prior to my forced resignation, I had a clear upward career trajectory.

45. During my employment with Newark, I experienced the following distress that continues to this day:

    - Persistent anxiety and elevated stress levels

    - Sleep disruption and insomnia

    - Hypervigilance and difficulty relaxing

    - Intrusive thoughts related to the investigation and workplace events

    - Difficulty concentrating and mental fatigue

    - Feelings of fear and uncertainty regarding employment status and reputation

- Depression

- Attempted suicide in October 2024.

46. The reasons for my disability and continued distress were the ongoing sexual harassment that occurred in the beginning of my career by my supervisors, the accusations of fraud by my supervisors, being referred to as an addict by my supervisor despite having a prescription for a shoulder injury, the lack of following procedures that led to my termination.

47. I am in ongoing therapy and medication management.

48. I had a 4–5-day inpatient psychiatric hospitalization in early October 2024.

49. I had a 7-day inpatient psychiatric hospitalization later in October 2024.

50. At the time of my termination, I was paid a salary of ninety-eight thousand dollars ($98,000). This was prior to overtime.

51. Defendant terminated me during my sixth year of employment. I was contracted to stay for a total of thirty years to receive full medical. I intended on completing my contract.

52. The overtime I lost during my time de-gunned was forty-four thousand eight hundred ($33,000.00) because I routinely worked three to four overtime shifts per week. Defendant took my gun on April 26, 2023, and I did not get it back until September 2023.

53. I was hospitalized in February of 2024 due to stress induced anxiety.

54. During this time, I missed out on my normal three to four shifts of overtime per week. This is valued at forty-four thousand eight hundred dollars ($44,800.00).

55. I routinely worked three to four shifts of overtime per week. From the time of my termination to today that number is one hundred twenty-one thousand six hundred eighty dollars ($121,680.00).

5

56. My overtime losses projected for the next twenty-four years is one million nine hundred forty-six thousand eight hundred and eighty dollars ($1,946,880.00).

57. My pension losses are two million five hundred seventy-three thousand five hundred dollars ($2,573,500.00).

58. My salary as a sergeant for the next twenty-four years would be three million dollars ($3,000,000.00).

59. Due to the stress, depression, and anxiety caused by Defendant I have been hospitalized several times, I am on medication for depression and anxiety, I lost my career, and I attempted suicide.   I am asking for two million five hundred thousand dollars ($2,500,000.00) for emotional distress damages.

Dated: April 2, 2026

_____
Laura Ciesla

April 2, 2026

**TIARA M RASHAD**
**Notary Public, State of New York**
**No. 01RA6286111**
**Qualified in Nassau County**
**Commission Expires 7/22/2029**

6